**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| MARK ANTHONY ZAVALA,<br>*Plaintiff*<br><br>-vs-<br><br>TEXAS DEPARTMENT OF PUBLIC<br>TRANSPORTATION, INDIVIDUAL<br>CAPACITY; OFFICIAL CAPACITY;<br>A.C.I. ALENCO COMMUNICATION,<br>INC., INDIVIDUAL CAPACITY; AND<br>UVALDE COUNTY SHERIFF OFFICE,<br>*Defendants* | SA-25-CV-00622-XR |

## ORDER ON REPORT AND RECOMMENDATION

On this date the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation in the above-numbered and styled case, filed August 18, 2025. ECF No. 5. After careful consideration, the Court issues the following order.

## BACKGROUND

Pro se Plaintiff Mark Anthony Zavala initiated this action under 42 U.S.C. § 1983 on May 27, 2025, seeking leave to proceed *in forma pauperis*. *See* ECF No. 1. Plaintiff's Proposed Complaint named three Defendants—the Texas Department of Public Transportation ("DPT"), A.C.I. Alenco Communication, Inc. ("ACI"), and Uvalde County Sheriff's Office ("UCSO")—but failed to provide any factual allegations regarding his claims, instead stating that Plaintiff would provide more information in the future. *See* ECF No. 1-1.

The Magistrate Judge directed Plaintiff to provide additional information about his financial status (to determine his eligibility for IFP status) and to file a more definite statement clarifying the factual basis for his claims (to determine whether he had stated a plausible claim under 28 U.S.C. § 1915(e). *See* ECF No. 3.

Plaintiff's More Definite Statement (ECF No. 4) references a disagreement with ACI and Uvalde County regarding his request for the removal of a utility pedestal from his front yard. Plaintiff states that he made a consumer complaint, and in response an ACI employee called the Uvalde Police Department. Plaintiff also alleges that he was harassed by an individual telling him that he had the right of way to work in Plaintiff's yard.

Attached to Plaintiff's More Definite Statement are several communications providing additional context for the incident underlying this proposed suit. Plaintiff attached a letter from ACI to the Consumer Inquiries and Complaints Division of the Federal Communications Commission ("FCC") dated October 11, 2024. ECF No. 4 at 14–15. The letter discusses a complaint filed with the FCC by Plaintiff regarding the suspension of his internet service for non-payment and his request to relocate a utility pedestal on a county right of way in front of his house. Another letter from Plaintiff to the Uvalde Police Department dated May 25, 2019, complains of false arrest and a due process violation occurring in November 2017. The 2017 incident appears completely unrelated to the FCC complaint, as there is no reference to ACI or the utility pedestal in that communication. However, Plaintiff's More Definite Statement does reference his complaint with the Uvalde Police Department in 2019 as evidence of conspiracy and harassment by Defendants.

On August 18, 2025, the Magistrate Judge (1) granted Plaintiff's IFP motion based on his supplemental filings, (2) denied his motion to appoint counsel, finding no exceptional circumstances that would justify such an appointment, and (3) recommended that the Court dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e). *See* ECF No. 8.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss a suit for failure to state a claim upon which relief may be granted. Tracking the same language as Rule 12(b)(6) of the Federal Rules of Civil Procedure and applying the same standards, § 1915(e)(2)(B)(ii) provides for dismissal if, accepting plaintiff's factual allegations as true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hale v. King*, 642 F.3d 492, 497–99 (5th Cir. 2011). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465–66 (5th Cir. 2010).

The Magistrate Judge found that the factual allegations in Plaintiff's More Definite Statement, even construed liberally, did not plausibly allege a claim under 42 U.S.C. § 1983 for a violation of a constitutional right or provide sufficient information to evaluate his proposed claim. For example, Plaintiff's Statement did not contain any allegations against either of the state Defendants in this action—the DPT and UCSO—and did not allege that ACI is a state actor subject to liability under 42 U.S.C. § 1983. The Magistrate Judge further observed that many of Plaintiff's claims appeared to be untimely and otherwise failed to identify a deprivation of life, liberty, or property that would support a due process claim. *Id.* at 6–7 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)); *see also id.* at 7 (noting that Plaintiff's "complaints regarding the removal of a utility pedestal instead appear to be a dispute regarding the parameters of the utility easement on his property and concern allegations of trespass, not that he was deprived of his property.").

**DISCUSSION**

**I.    Legal Standard**

A party may serve and file objections to a Report and Recommendations within fourteen days. FED. R. CIV. P. 72(a), (b)(2). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive [sic] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Courts must review *de novo* any of the Magistrate Judge's conclusions to which a party has specifically objected. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Any sections that were not clearly objected to are reviewed for clear error to determine whether they are contrary to law. *Id.*; *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

**II.    Analysis**

Plaintiff received a copy of the R&R on August 23, 2025 (ECF No. 8). Plaintiff filed objections on September 12, 2025 (ECF No. 9). The Court has reviewed Plaintiff's late-filed objections, which merely reiterate his belief that his due process rights have been violated and assert that he needs counsel because he is home-bound and suffering from physical and mental disabilities. *See* ECF No. 9. The Court need not conduct a de novo review of Plaintiff's generic and conclusory objections. *Nettles*, 677 F.2d at 410 n.8 The Court has reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## CONCLUSION

For the foregoing reasons, the Magistrate Judge's report and recommendation is **ADOPTED**, and Plaintiff's claims are **DISMISSED** for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915(e). A final judgment will follow pursuant to Rule 58.

The Clerk is **DIRECTED** to mail a copy of this Order and the Final Judgment to Mark Anthony Zavala, P.O. Box 172, Knippa, TX 78870, and to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 17th day of September, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE